UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRANKIE McCRARY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:21-cv-01354-RDP-NAD |
| ALFREDIA BRAXTON, et al., | ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

On October 12, 2021, Plaintiff Frankie McCrary filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. Doc. 1. Plaintiff McCrary names as defendants Correctional Officer Alfredia Braxton and Captain Smith, employees at the Staton Correctional Facility. Doc. 1 at 1, 3. McCrary seeks monetary and injunctive relief. Doc. 1 at 4. But the court need not reach McCrary's claims at this time, because venue is improper in this district.

Consistent with the usual practices of this court and 28 U.S.C. § 636(b)(1), the court referred the complaint to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991); N.D. Ala. Local Rule 72.1. On review of the complaint, the undersigned recommends that the court *sua sponte* transfer this case to the United States

District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a).

## FACTUAL ALLEGATIONS

Plaintiff McCrary alleges that on June 22, 2021, while he was incarcerated at the Staton Correctional Facility,[1] Defendant Braxton instructed Defendant Smith to assault him.  Doc. 1 at 3.  McCrary alleges that Braxton "[took] a liking to [him]," and that McCrary provided financial assistance to Braxton on three occasions.  Doc. 1 at 3.  McCrary alleges that he was unable to assist Braxton when she asked for assistance again, and that he explained why in a note to Braxton.  Doc. 1 at 3–4.  McCrary alleges that Braxton became upset, and that Braxton asked Smith to assault McCrary.  Doc. 1 at 3–4.  McCrary also alleges that, after Smith assaulted McCrary, McCrary admitted that he wrote the note to Braxton.  Doc. 1 at 4.  McCrary alleges that he received a disciplinary write-up because of the note.  Doc. 1 at 4.

## LEGAL STANDARD

28 U.S.C § 1391(b) governs venue for a federal civil action, and provides that a plaintiff can file a case in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," (2) "a judicial district in which a substantial part of the events or omissions giving

---

[1] As discussed below, the Staton Correctional Facility is located in the Middle District of Alabama.  *See* 28 U.S.C. § 81(b)(1).

rise to the claim occurred," or (3) "if there is no district in which an action may otherwise be brought," then "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.*

In addition, 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." *Id.*

Where venue is improper, 28 U.S.C. § 1406(a) provides that the "district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." In this regard, the Eleventh Circuit has instructed that a district court can transfer such a case *sua sponte* to a district where venue would be proper. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

## DISCUSSION

Plaintiff McCrary is currently incarcerated at the Fountain Correctional Facility in Escambia County, Alabama (Doc. 1 at 3), which is located in the Southern District of Alabama. *See* 28 U.S.C. § 81(c)(2).

On the face of McCrary's complaint, venue is not proper in this district. First, McCrary's complaint does not allege that any defendant resides in the Northern District of Alabama, nor does the complaint include any alleged facts from which the court could infer that any defendant resides in this district. Doc.

1.[2] A plaintiff is entitled to *reasonable* inferences that the court can draw from the factual allegations in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, McCrary alleges that the defendants in this case are employed at the Staton Correctional Facility, which is located in the Middle District of Alabama. *See* 28 U.S.C. § 81(b)(1). Consequently, the only reasonable inference from the allegations in the complaint is that the defendants reside in the Middle District of Alabama, where the Staton Correctional Facility is located. As a result, it appears that venue based on the residence of the defendants is improper in this district, but proper in the Middle District of Alabama.

Second, McCrary bases his complaint on alleged acts, events, and/or omissions that purportedly occurred at the Staton Correctional Facility (Doc. 1 at 3–4),[3] which again is located in the Middle District of Alabama. Thus, venue based on the location of the alleged conduct in this case is proper in the Middle District of Alabama, not in this district.

*     *     *

While there appears to be no basis for venue in this district under 28 U.S.C

---

[2] *See* 28 U.S.C. § 1391(b)(1) (providing that venue can be proper in a district in which any defendant resides, if all of the defendants are residents of the state in which the district is located).

[3] *See* 28 U.S.C. § 1391(b)(2) (providing that venue can be proper in a district in which a substantial part of the alleged events or omissions underlying the complaint occurred).

§ 1391(b),[4] the court should not dismiss Plaintiff McCrary's complaint.  *See* 28 U.S.C. § 1406(a) (district court can dismiss a case that was filed in an improper venue).  Instead, in the interest of justice, and for the convenience of the parties, the court should transfer this case—pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a)—to the Middle District of Alabama, where venue would be proper.

The undersigned notes that, in *Tazoe*, the Eleventh Circuit included additional instructions regarding a *sua sponte* transfer.  According to the Eleventh Circuit, before ordering a *sua sponte* transfer, the court should afford the parties an opportunity to state any reasons why the case should not be transferred.  *See Tazoe*, 631 F.3d at 1336.  In this case, McCrary will have the opportunity to state his reasons why the case should not be transferred in his objections to this report and recommendation.  *See* Notice of Right to Object (below).

## RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that the court **TRANSFER** this case to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a).

---

[4] Because venue clearly is proper in the Middle District of Alabama—at a minimum, based on the location of the alleged events or omissions underlying the complaint, *see* 28 U.S.C. § 1319(b)(2)—venue would not be proper under the "catch-all" provision that otherwise provides for venue where the court has personal jurisdiction, *see* 28 U.S.C. § 1319(b)(3).

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. The plaintiff must file any objections with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objecting. Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

Failing to object to factual and legal conclusions contained in the magistrate judge's findings or recommendations waives the right to challenge on appeal those same conclusions adopted in the district court's order. In the absence of a proper objection, however, the court may review on appeal for plain error the unobjected to factual and legal conclusions if necessary in the interests of justice. 11th Cir. R. 3-1.

On receipt of objections, a United States District Judge will review *de novo* those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify, in whole or in part, the undersigned's findings of fact and recommendations. The district judge also may refer this action back to the undersigned with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may only appeal from a final judgment entered by a district judge.

**DONE** this October 22, 2021.

_____
**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE